

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,096 & AP-76,097

### EX PARTE KASY LEE MOSLEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 915839-A AND 915838-A IN THE 178TH JUDICIAL DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of robbery and one multiple-count charge of aggravated sexual assault, and was sentenced by a jury to twenty years' imprisonment for the robbery, and twenty-five years' imprisonment for the aggravated sexual assaults. The Fourteenth Court of Appeals affirmed his convictions and sentences. *Mosley v. State*, Nos. 14-03-01247-CR and 14-03-01248-CR (Tex. App. – Houston [14th Dist.] May 17, 2005, pet. ref'd).

Applicant contends, *inter alia*, that his trial counsel both in his original sentencing trial and on re-trial rendered ineffective assistance. Applicant alleges that his first counsel disclosed Applicant's birth records, school records, and psychological reports to the trial court without Applicant's permission, in violation of the attorney-client privilege. After his first punishment trial resulted in a hung jury and mistrial, Applicant had a re-trial on punishment, at which the prosecution used the contents of the records to impeach Applicant. Applicant's counsel for the re-trial was not aware that the records had been provided to the trial court by Applicant's first counsel, and was not aware that the prosecution had obtained copies of those records from the trial court. Re-trial counsel did not file a pre-trial motion for discovery of extraneous offense/ bad act evidence, and did not file a motion to suppress or a motion *in limine* to prevent the introduction of such evidence. Re-trial counsel did not timely object when the prosecutor began to cross-examine Applicant using the records.

The trial court has determined that Applicant's first counsel's conduct in disclosing the records to the court without Applicant's understanding of the contents of those records was deficient. The trial court has also determined that Applicant's re-trial counsel's conduct in failing to determine that the State had the records in question, failing to file a motion to suppress or a motion *in limine*, and failing to timely object to the prosecutor's use of the records to cross-examine Applicant was deficient. The trial court finds that but for the errors of both counsel with regard to these records, there is a reasonable probability that the outcome of the punishment trial on re-trial would have been different. We find, therefore, that Applicant is entitled to a new determination of punishment in these causes. The sentences in Cause Nos. 915839-A and 915838-A from the 178th Judicial District Court of Harris County are reversed, and the matters are remanded to the trial court for a new trial

on punishment.


Delivered: February 4, 2009
Do Not Publish